ST. PAUL, J.
 

 Arvle Carter, under the age of 17 years, was committed to the Louisiana Training Institute, as a.delinquent child, by the judge of the juvenile court for Caddo parish, established by Act 30 of 1024, p. 46.,
 

 I.
 

 Section 16 of said act provides that:
 

 “Whenever a child is found to be ‘delinquent’ within the terms of this act, the court may, in its discretion, commit said child to the State Training Institution or to any other institution within the state organized for the care of delinquent children. * * * A child committed to any institution shall be subject to the control of the board or manager
 
 thereof,
 
 under the supervision of the court; * * * and the court, on the recommendation of said board, shall discharge said child, whenever
 
 in the court’s judgment
 
 its reformation is
 
 complete;
 
 provided, that the court may,
 
 of its own motion
 
 when it considers it for the best interest of the child, order it discharged from the custody of any person or institution to whom or to which it may have been committed by the court.” (Italics ours.)
 

 II.
 

 The Louisiana Training Institute was established by Act 173 of 1904.
 

 Section 7 of said act, as amended by Act 2S5 of 1926, p. 521, reads as follows:
 

 “The said board of commissioners shall make general rules and regulations governing the Louisiana Training Institute and the inmates therein; and shall provide a system of merits and demerits and shall provide for the unconditional release of such inmates as the said board of commissioners may determine to have been entirely reformed and to have earned such release, and the said board of commissioners shall recommend said unconditional release to the court which sentenced the said inmate to the Louisiana Training Institute,
 
 and it shall he the duty of the court upon receipt of such recommendation to unconditionally discharge the said person.”
 
 (Italics ours.)
 

 III.
 

 From the foregoing it will be seen that the act of 1926 makes this one change, to wit: Under the act of 1924 the juvenile judge was required to discharge the delinquent child on the recommendation- of the board only when
 
 in the court's judgment
 
 its reformation was complete, but the act of 1926 now provides that
 
 it shall he the duty of the eourt to discharge said delinquent upon receipt of said recommendation.
 

 In other words, under the act of 1924 the juvenile judge was not obliged to follow the recommendation of the board,
 
 if his own judgment was not in accord' therewith,
 
 whereas under the act of 1926 the juvenile judge must discharge the former delinquent
 
 immediately upon receipt of the recommendation of the hoard to that effect.
 

 But there is nothing whatever in the foregoing which affects, even remotely, the power of the juvenile judge [of Gaddo parish] to order the discharge of a delinquent child
 
 of Ibis own motion
 
 whenever he considers it for the best interest of the child to do so.
 

 IV.
 

 The juvenile judge of Caddo parish,
 
 of his own motion,
 
 ordered the release of Arvle Carter from the Louisiana Training Institute, to which he had been committed. The superintendent of the institute refused to obey said order, because the release had not been recommended by the board of commissioners of said institute. The father of said juvenile thereupon applied to the district judge of Ouachita parish, where said institute is located, for the release of said juvenile on habeas corpus. The district judge of Ouachita parish thought as we do, and ordered the release of said juvenile. The
 
 *175
 
 superintendent of said institute then applied to this court to set aside said order of the district judge; and
 
 that
 
 is the matter before us.
 

 We see no error in the ruling of the district judge.
 

 Decree.
 

 It is therefore ordered that the writs herein issued be discharged.
 

 O’NIELL, O. J., and OVERTON, J., dissent.